UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GUILLERMO ANTONIO DE LEON SERRABI,

Plaintiff,

v. Case No.: 3:24-cv-1212-JEP-LLL

UNITED STATES OF AMERICA, SHERIFF SCOTTY RHODEN and CALEB COLLINS

Defendants.
_______________________________/

# ORDER

**THIS CAUSE** is before this Court on the Report and Recommendation (Doc. 50), entered by the assigned Magistrate Judge on January 8, 2026. Therein, the Magistrate Judge recommends denying Defendant United States of America's "Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint" (Doc. 20), granting Defendant Sheriff Scotty Rhoden's "Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 16]" (Doc. 31), and dismissing Defendant Sheriff Rhoden from this case.

Plaintiff filed the original Complaint in this action on November 22, 2024 and the Amended Complaint on May 19, 2025. (Docs. 1, 16). In the Amended Complaint, Plaintiff alleges claims against the United States of false imprisonment (Count I), intentional infliction of emotional distress ("**IIED**")

(Count II), and negligence (Count III) pursuant the Federal Tort Claims Act ("**FTCA**"). (Doc. 16, ¶¶ 69–103). In addition, Plaintiff alleges a Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 (Count IV) against Defendants Sheriff Rhoden and Officer Caleb Collins. (*Id.* ¶¶ 104–11). On June 2, 2025, Defendant United States filed a motion to dismiss arguing that (1) this Court lacks subject matter jurisdiction because the United States did not waive its sovereign immunity per the independent contractor exception to the FTCA, (2) Plaintiff "failed to state [ ] private person analogue[s] under state law" for false imprisonment and negligence, and (3) Plaintiff failed to state a valid IIED claim. (Doc. 20 at 6–12). On July 11, 2025, Defendant Sheriff Rhoden filed a motion to dismiss arguing that Plaintiff "failed to state a plausible claim for municipal liability" under 42 U.S.C. § 1983. (Doc. 31 at 2). Plaintiff then filed responses to Defendant United States' motion to dismiss on July 7, 2025, (Doc. 29), and to Defendant Sheriff Rhoden's motion to dismiss on August 1, 2025, (Doc. 35).[1] The Magistrate Judge issued the Report and Recommendation on January 8, 2026. No party has filed an objection to the Report and Recommendation, and the time to do so has now passed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

[1] Defendant Officer Collins did not file a motion to dismiss, but instead filed an Answer to the Amended Complaint on June 30, 2025. (Doc. 27).

Pursuant to the Federal Rules of Civil Procedure, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.[2] As such, this Court reviews—for plain error and only if necessary, in the interests of justice—those portions of the Magistrate Judge's findings to which no objection was filed. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[ judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Dupree v. Warden*, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become Eleventh Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report and Recommendation, this Court will accept and adopt the legal conclusions and factual findings recommended by the

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. (Doc. 50 at 36).

Magistrate Judge.[3]

Accordingly, it is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 50) is **ADOPTED** and **CONFIRMED** as the opinion of this Court.

2. Defendant United States of America's "Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint" (Doc. 20) is **DENIED**.

3. Defendant Sheriff Scotty Rhoden's "Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 16]" (Doc. 31) is **GRANTED**.

3. The Clerk of Court is directed to terminate Defendant Sheriff Rhoden as a Defendant in this matter and amend the case style accordingly.

---

[3] The Report and Recommendation mentions the "discretionary function exception," an additional jurisdictional question under the FTCA, 28 U.S.C. § 2680(a), but does not analyze the issue because Defendant United States did not raise it. (Doc. 50 at 8 n.7). However, "[i]f the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction." *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998). Therefore, this Court will address the issue *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

To survive dismissal at the pleading stage, a plaintiff must "allege a plausible claim that falls outside the discretionary function exception," *Douglas v. United States*, 814 F.3d 1268, 1276 (11th Cir. 2016)—that is, the plaintiff must allege sufficient facts that could support a finding that the government's conduct was either nondiscretionary or not subject to policy consideration, *see United States v. Gaubert*, 499 U.S. 315, 324-25 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). Here, Plaintiff alleges that Defendant United States violated various policies and procedures of Immigration and Customs Enforcement. (*See* Doc. 16, ¶¶ 38–41, 61–62, 75, 90–91, 102). Thus, this Court is satisfied that Counts I–III of the Amended Complaint survive the pleading stage of this case. Because issues of subject matter jurisdiction may be raised at any time, further scrutiny of this exception may be appropriate upon a motion for summary judgment.

**DONE** and **ORDERED** in Jacksonville, Florida on February 23, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record